IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
ARKANSAS EASTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 3 2024

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

KEVIN BYERS                                    )
                                               )    No. 3:24-cv-00080-DPM
        Plaintiffs,                            )
                                               )
        v.                                     )
                                               )    Judge
BRENDAN MAY, INDIVIDUALY AND                   )
IN HIS OFFICIAL CAPACITY, JOHN                 )
DOE INDIVIDUALY AND JOHN DOE                   )
NUMBER 2 INDIVIDUALY, THE                      )
CITY OF AUGUSTA, ARKANSAS                      )    JURY TRIAL
                                               )    DEMANDED
        Defendants.                            )

## COMPLAINT

Comes now the Plaintiff by and through his Attorney Robert Newcomb and for his Complaint against the Defendant state;

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. Section 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C Section 83(a)(1) in that all parties live in Woodruff County Arkansas in the events that have given rise to this cause of action occurred in Woodruff County Arkansas.

3. The Courts supplemental jurisdiction is also invoked pursuant to 28 U.S.C Section 1367.

This case assigned to District Judge Marshall
and to Magistrate Judge Kearney

4. This action is to enforce rights granted under the United States Constitution of, the Constitution of the State of Arkansas and the Common Law of the State of Arkansas.

5. The Plaintiff asserts rights under *A.C.A. 16-123-105.*

### PARTIES

6. The Plaintiff is a black male is is a resident of Augusta, Arkansas and a Citizen of the United States.

7. Defendant Brendan May at all times material to this case was employed as a Police Officer by the City of Augusta, Arkansas acting under State Law.

8. Defendant Brendon May is being sued in both his official capacity and his individual capacity.

9. John Doe and John Doe I are being sued in their individual capacities. It is believed they are individuals who directed the arrest of the Plaintiff and seizure of his personal property.

10. The City of Augusta, Arkansas is a municipal corporation located in Woodruff County, Arkansas.

### FACTS

11. The Plaintiff was cleaning up the residence at 905 Spruce Street Augusta, Arkansas on Sunday April 3rd, 2022 which the Plaintiff owned.

12. The previous renter of the property who had rented it from the previous owner and had no lease with the Plaintiff, had dumped cat

litter that contained cat feces and urine in the front yard of the house. The renters had argued to vacate the residence by April 1st, 2022 and dumped the liter on April 3rd, 2022.

13. The Plaintiff, as owner of the home, locked the front door to prevent damage to the interior of the home.

14. The Plaintiff purchased the property more specifically described as lot twenty-five (25) and lot twenty-six (26) in Block T three (3), Miller and Morris addition to the City of Augusta in Woodruff County, Arkansas by warrant deed executed on the 16th day of March 2022.

15. The Plaintiff had filed with the Circuit Clerk of Woodruff County, Arkansas the warranty deed on March 16th, 2022 at 1:38pm. A copy of it is attached hereto and incorporated herein as said word for word. See *Exhibit A*.

16. Without any authorization by a Judge, the Defendant authorized the kicking in and damaging of the front door of the Plaintiff residence without cause or a search warrant.

17. The Plaintiff informed Defendant May that the Plaintiff was the owner of the property at 905 Spruce Street Augusta Arkansas and that there was a recorded warranty deed at the Woodruff County Courthouse reflecting said ownership.

18. Defendant May and others decided to have the Plaintiff arrested regardless of his ownership of the property charging him with

Criminal Trespassing in violation of the Arkansas *ACA 5-39-203* for two (2) counts. The charges have been dismissed with prejudice.

19. At the time of the Plaintiff arrest, his van and track hoe were parked on the property at 905 Spruce St. Augusta Arkansas.

20. For the purpose of harassment, and increasing cost, Defendant May had the van and track hoe property seized and transported without any authorization by a Judge or statue knowing that the requirement for a warrant before a search and seizure was well established law.

21. After being informed by the Plaintiff that further communication was to be done though Plaintiff's lawyer, Defendant May text the Plaintiff stating, "Charges will be filed against you... if you do not move your stuff will be towed and sized."

22. Defendant May at the direction of John Doe number one (1) transported the Plaintiff in a marked Police Unit to the Woodruff County Jail where the Plaintiff was processed as a prisoner and incarcerated for about 12 hours until the Sheriff of Woodruff County arrived and the Plaintiff is released.

23. Defendant May arranged for a no bond so the Plaintiff could not be released immediately or first issued a citation.

24. While in the jail the Plaintiff was subject to a strip search, spray with what he believes to be a disinfected, and forced to take a shower.

25. The Plaintiff was required to appear before the District Court of Woodruff County Arkansas on April 4th, 2022 at 1:00pm.

26. For the Plaintiff to obtain his property back from Morris Towing, the Plaintiff had to pay approximately $550.00 to Morris Towing.

27. There was no judicial authorization for the towing of the property and its seizure. The requirement that there be a warrant absent extract circumstances is well as established law both under the Fourth Amendment to the United States Constitution and Article Two of the Arkansas Constitution.

28. Defendant May did not have authority to Order the Plaintiff to stay off his own property.

29. All individuals, John Does, Defendant May, and the former tenants of the property are Caucasian while the Plaintiff is an African-American.

30. There was no Probable Cause for Plaintiff arrest thereby depriving the Plaintiff of his liberty in violation of his rights under the Federal Constitution and the common law of false imprisonment.

31. Defendant May authorized the former renters to kick the door in and make entry. After entering, they disconnected the hoses to the washer, removed the handle and caused flooding of the house.

32. The City of Augusta, Arkansas as a matter of policy had authorized the conduct and action of Defendant May.

## LEGAL CLAIMS

33. The Plaintiff adopts and reasserts as if said out word for word paragraphs one (1) through twenty-three (32).

34. The Plaintiff was arrested without reasonable suspicion/ probable cause or a warrant thereby depriving him of his liberty in violation of the Fourteenth Amendment of the United States Constitution and Article II of the Arkansas Constitution by having his liberty taken without due process.

35. The actions of the Defendants violated the Arkansas Civil Rights Act by depriving the Plaintiff of his right secured by Article II of the Arkansas Constitution by acting under color of State Law. The actions of arresting and incarcerating the Plaintiff violated the Fourth Amendment standard of Search and Seizure in that there was no probable cause for the arrest.

36. The Seizure of the Plaintiff property at the direction of Defendant May and others, that property being the van and the track hoe without a warrant issued by a detached magistrate, violated the Fourth Amendment of the Constitution of the United States.

37. The Seizure of the van and track hoe belonging to the Plaintiff without a warrant, violated the Arkansas Constitution provisions against unreasonable search and seizure contained in Article II.

38. The actions of the Defendants state a cause of action under *42 U.S.C Section 1983* against individuals acting under color of State

Law depriving Citizens of the United States of rights secured by the Laws and Constitution of the United States.

39. The actions of the Defendants depriving the Plaintiff of his liberty by arresting him and placing him in a Police Unit and placing him in the Woodruff County Jail constitute false imprisonment and a violation of the Fourth Amendment to the United States Constitution.

40. The actions of the Defendant May were done or motivated by the fact that the Plaintiff is African American. The actions of Defendant May acting under color of State Law deprived the Defendant of his rights under the Fourteenth Amendment to the Constitution of the United States to be treated equally and not be discriminated against because of his race.

**DAMAGES**

41. The Plaintiff has suffered mental anguish and embarrassment for having been arrested in front of his wife and transported to the Woodruff County Jail where he was stripped searched for which he should be awarded damages in an amount determined by the Jury.

42. The Plaintiff by the actions of the Defendant was deprived of his liberty and should be awarded compensatory damages in an amount determined by the Jury.

43. Augusta Arkansas is a small city and the arrest in subsequent led damage to the Plaintiff reputation is great.

44. The wrongful towing of the vehicle and track hoe caused the Plaintiff to have to drive to McCoy Arkansas to retrieve and pay over $550.00 in cost to obtain possession of his can and track hoe.

45. It cost approximately $1,000.00 to repair the water damage.

46. The criminal charges have resulted in the Plaintiff in having to incur in Attorney fees.

47. The conduct of the Defendants were in willful violation of clearly established law with a deliberate indifference to the Constitutional rights and common law rights of the Plaintiff warranting the imposition of punitive damages against Defendant May, John Doe one (1) and John Doe two (2) in an amount to be determined by the Jury.

48. The Court should award Attorney fees Court cost, and litigation cost.

## JURY TRIAL DEMAND

49. The Plaintiff request a Trial by Jury.

WHEREFORE it is respectfully prayed that this Court will Grant Judgement against the Defendants for compensatory damages in an amount to be determined by the Jury and punitive damages in an amount to be determined by the Jury; Award Attorney fees and cost; and Grant the Plaintiff all such other relief to which he is entitled.

Respectfully submitted,

Robert A. Newcomb, #73087
Attorney at Law
P.O. Box 149
Little Rock, AR 72203
robertnwcmb@aol.com
newcomboffice@aol.com
P: 501-372-5577
F: 501-372-6025