## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**KEVIN BYERS**                                                            **PLAINTIFF**

v.                                    **No. 3:24-cv-80-DPM**

**BRENDAN MAY, Individually and in his**
**official capacity; JOHN DOES 1–2,**
**Individually; and CITY OF AUGUSTA**                       **DEFENDANTS**

### ORDER

1.   In March 2022, Kevin Byers bought a rental home in small town Augusta, Arkansas. The renters from the prior owner moved out two weeks later, on April 1st. On April 3rd, for reasons that aren't clear, the former renters dumped soiled cat litter on the home's front lawn. While Byers was cleaning up the mess, the renters returned — this time with law enforcement. The situation soured. Officer Brendan May from the Augusta Police Department "authorized" the former renters to kick in the home's front door and go inside. *Doc. 1 at 5.* Officer May then arrested Byers for criminal trespassing, took him to the county jail, and had Byers's van and track hoe towed off the home's property. Byers spent twelve hours in jail before the Woodruff County Sheriff released him. His criminal charges were later dismissed with prejudice.

Byers brings various state and federal claims against Officer May, the City of Augusta, and two John Doe defendants. He alleges that he

was arrested without probable cause, falsely imprisoned, denied due process, and discriminated against because of his race. The city moves for judgment on the pleadings under Fed. R. Civ. P. 12(c). Byers hasn't responded. The Court accepts Byers's pleaded facts as true and draws all reasonable inferences in his favor. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012).

2. Byers hasn't served Officer May or the John Doe defendants, and the time to do so has long since passed. Fed. R. Civ. P. 4(m). He hasn't shown good cause or excusable neglect for the lack of service.* His claims against them will therefore be dismissed without prejudice. *Kurka v. Iowa County*, 628 F.3d 953, 957 (8th Cir. 2010).

3. That leaves Byers's claims against the city. The city argues two grounds for dismissal: Byers's failure to serve Officer May, and his failure to identify a policy or custom that caused his injuries. The first argument is mistaken. The second is correct.

The city contends that, because Officer May hasn't been served, and therefore can't be held liable, there can be no municipal liability under § 1983. *Doc. 14 at 4–5*. Not so. The Eighth Circuit has "long held . . . that a municipality may be held liable for its unconstitutional policy or custom even when no official has been found personally liable for

_____

* On 23 April 2025, Byers did call chambers and indicated that he was having some difficulties with his long-time lawyer. The Court has no additional information. And the legal issues presented at this point are clear.

his conduct under the policy or custom." *Webb v. City of Maplewood*, 889 F.3d 483, 486 (8th Cir. 2018). That is, municipal liability requires an unconstitutional *act* by a municipal employee, but it doesn't require a finding of *liability* on the employee's part. *Webb*, 889 F.3d at 488. Whether Officer May was properly served has no bearing on whether he committed an unconstitutional act for which the city could be liable. So this argument lacks merit.

But even assuming Officer May did act unlawfully, the city is correct that Byers hasn't identified a policy or custom that was the moving force behind the constitutional violations he alleges. *Watkins v. City of St. Louis*, 102 F.4th 947, 953 (8th Cir. 2024). He pleads only that the city "as a matter of policy had authorized the conduct and action of Defendant May." *Doc. 1 at 5*. That's too thin. *Watkins*, 103 F.4th at 954. And an isolated incident like the one Byers alleges "cannot, as a matter of law," establish an unofficial custom. *Ibid.* His § 1983 claims against the city therefore fail.

**4.** In the absence of any federal question, the Court declines to exercise supplemental jurisdiction over Byers's state law claims. 28 U.S.C. § 1367(c)(3); *McManemy v. Tierney*, 970 F.3d 1034, 1040–41 (8th Cir. 2020).

\*       \*       \*

Byers's claims against Officer May and the John Doe defendants are dismissed without prejudice for lack of service. The city's motion

for judgment on the pleadings, *Doc. 13*, is granted.  And the Court declines supplemental jurisdiction over Byers's state law claims. Byers's complaint will therefore be dismissed without prejudice.

So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

28 April 2025